UNITED STATES DISTRICT COURT
                       DISTRICT OF PUERTO RICO

| | |
|---|---|
| ASOCIACIÓN DE INDUSTRIALES DE PUERTO RICO,<br><br>    Plaintiff,<br><br>    v.<br><br>MARKETNEXT, INC., et al.,<br><br>    Defendants. | Civil No. 09-1122 (JAF) |

**O R D E R**

On March 27, 2009, Plaintiff moved to compel Defendants' compliance with our preliminary injunction in this case. Docket No. 64. On March 11, 2009, we entered an Order ("Order") against Defendants, preliminarily enjoining them from (1) using the mark, "Industriales," in commerce via print or electronic media, (2) causing the public to associate Defendants' services with Plaintiff, and (3) competing unfairly with Plaintiff or its licensees by falsely representing the nature of Defendants' services. Docket No. 46. We further required Defendants to "communicate this Order to . . . persons in active concert or participation in the publication of Defendants' magazine, and each and every person using the mark INDUSTRIALES, selling advertisement in Defendants' magazine, advertising in Defendants' magazine . . . and to any other person that may have a legal or economic interest in Defendants' magazine."

Civil No. 09-1122 (JAF)                                                    -2-

Id. (emphasis added). We allowed Defendants ten days to certify by sworn affidavit their compliance with the Order. Id. On March 23, 2009, we issued a memorandum opinion supporting and reiterating our Order. Docket No. 58.

On March 23, 2009, Defendants submitted a motion in compliance with an affidavit from Defendant Edison Misla-Grillasca ("Misla"). Docket No. 60. Misla attests that Defendants sent a letter to their subscribers, clients, and vendors, informing the addressees that Defendants' publication had altered its name to "Empresarios." Id. Misla contends that Defendants have sufficiently complied with our Order by adopting a new title and ceasing to use the mark, "Industriales," the domain name, "industrialesmag.com," and the internet address, "www.industrialesmag.com." Id.

Plaintiff notes, however, that Defendants have failed to "communicate [the] Order," per our mandate. Docket No. 64. This omission creates a false impression of continuity between Defendants' former publication under their agency relationship with Plaintiff and their present publication, which is no longer authorized by Plaintiff. Id.

Our Order related not only to Defendants' ongoing trademark infringement, but also to their unfair competition with Plaintiff, their former principal. See Docket Nos. 46, 58. By our requirement for Defendants to communicate the substance of the Order to all persons with "legal or economic interest in Defendants' magazine," we

Civil No. 09-1122 (JAF)                                           -3-

intended to resolve lingering doubt in the public as to the true identity and nature of Defendants' publication in relation to Plaintiff's authorized publications. See id. A half-hearted circular letter that omits any reference to our Order cannot serve.

In addition to Defendants' communication of our preliminary injunction to their business contacts, Plaintiff requests further clarification that Defendants' magazine bears no relation to their previous publication on behalf of Plaintiff. Docket No. 64. To resolve public confusion, the court may fashion equitable remedies that "enjoin only those uses that are likely to create appreciable confusion, and no more." Joseph Scott Co. v. Scott Swimming Pools, Inc., 764 F.2d 62, 67 (2d Cir. 1985). To this end, we may use disclaimers to distinguish competing products and preserve the rights of the trademark holder. L. E. Waterman Co. v. Modern Pen Co., 235 U.S. 88 (1914). In view of Defendants' continuing evasion of justice, we command them to print a conspicuous and unambiguous notice in their forthcoming publication disclaiming all connection to Plaintiff and its authorized magazine, "Industriales."

Accordingly, we hereby **GRANT** Plaintiff's motion to compel compliance, Docket No. 64. It is hereby:

**ORDERED**, that Defendants distribute the text of our Order, Docket No. 46, and our memorandum opinion, Docket No. 58, in full to all their subscribers, clients, and vendors, including all persons

Civil No. 09-1122 (JAF)                                                  -4-

who have purchased advertisements in Defendants' magazine, and any other person with legal or economic interest in their publication;

**ORDERED**, that Defendants faithfully reproduce the following notice in bold, all capital letters, single-space, and monospace Courier font no smaller than one pica (twelve-point), in both English and Spanish, on the second or third page of each copy of their issues of "Empresarios" for the term of one (1) year:

>    (1) "EMPRESARIOS" IS NOT RELATED TO "INDUSTRIALES" MAGAZINE IN ANY WAY, AND IS NOT A CONTINUATION, SUCCESSOR, OR MODIFICATION OF "INDUSTRIALES";

>    (2) MARKETNEXT, INC. NO LONGER PUBLISHES "INDUSTRIALES" FOR THE PUERTO RICO MANUFACTURERS' ASSOCIATION (PRMA) AND "EMPRESARIOS" IS NOT AN AUTHORIZED PUBLICATION OF THE PRMA;

and

**ORDERED**, that Defendants certify by sworn affidavit their compliance with the present order **by not later than April 13, 2009.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 31st day of March, 2009.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge