|                                           |                            |
|-------------------------------------------|----------------------------|
| UNITED STATES DISTRICT COURT              |                            |
| DISTRICT OF PUERTO RICO                   |                            |

| ASOCIACIÓN DE INDUSTRIALES DE PUERTO RICO, |                          |
|--------------------------------------------|--------------------------|
| Plaintiff,                                 | Civil No. 09-1122 (JAF)  |
| v.                                         |                          |
| MARKETNEXT, INC., et al.,                  |                          |
| Defendants.                                |                          |

**O R D E R**

Having entered a permanent injunction against Defendants on April 28, 2009, Docket No. 86, which incorporated all of the terms of our previous preliminary injunction, Docket Nos. 46, 58, 70, we now order the entry of final judgment against Defendants. We discuss, in turn, the parties' settlement agreement and the failure of Defendants MarketNext, Inc., Edison R. Misla-Grillasca, Yvette Olivero-Vázquez, and the conjugal partnership between them (collectively, "MarketNext"), to comply with our preceding orders. We then dispose of a motion for dismissal under Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Graphic Print & Design, Inc., Guillermo Avilés-Aguirrechea, Glorimar de Jesús, and the conjugal partnership between them (collectively, "Graphic"). See Docket No. 79.

On May 5, 2009, we conducted a hearing to determine whether any federal issues remained for adjudication following our grant of

Civil No. 09-1122 (JAF)                                                              -2-

permanent injunction against Defendants. Docket No. 93. The parties agreed to settle the case by stipulating that (1) all Defendants concede liability as to all federal claims, (2) Plaintiff will communicate the injunction to its own members, and (3) the court will assess no damages as to Plaintiff's federal claims, apart from recovery of reasonable attorney's fees against MarketNext. Id.

The same day, Plaintiff moved to voluntarily dismiss without prejudice its claims under Puerto Rico law, Docket No. 92, which we fully endorse, see Fed. R. Civ. P. 41(a)(2). Plaintiff also moved to order MarketNext's compliance with our injunction by communicating our prior orders to MarketNext's advertising clients and subscribers. Docket No. 92.

Plaintiff's demand for MarketNext's compliance is reasonable. MarketNext has repeatedly defied our orders for it to communicate the preliminary injunction and memorandum opinion to persons interested in "Industriales" (the "mark"). See Docket Nos. 46, 70, 91. As an excuse, MarketNext asserts our lack of jurisdiction, Docket No. 91, despite our express finding of jurisdiction in our memorandum opinion, Docket No. 58. MarketNext also cites a decision by the United States Patent and Trademark Office dated April 15, 2009, to deny registration of the mark to MarketNext. Docket No. 91. As MarketNext failed to present this evidence prior to our permanent injunction issued on April 28, 2009, Docket No. 86, MarketNext is foreclosed from re-litigating the validity of Plaintiff's mark. Cf.

Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008) (permitting relief from judgment per Rule 59(e) for newly-discovered evidence). Furthermore, although Plaintiff has graciously assumed the responsibility to communicate the injunction to its members, MarketNext may not weasel its way out of its duty to transmit copies of our injunction and memorandum opinion to other interested parties. See Docket No. 70. Only MarketNext possesses a full list of its advertising customers and subscribers, and it is rational to expect the Defendants to comply with our injunction.

As Defendants concede liability as to all claims under 15 U.S.C. § 1125(a), Docket Nos. 50, 93, we may issue an interlocutory summary judgment, see Fed. R. Civ. P. 56(d)(2), pending subsequent assessment of reasonable attorney's fees under 15 U.S.C. § 1117(a). Finally, Defendants' concession to liability, Docket No. 93, and Plaintiff's voluntary dismissal of claims under Puerto Rico law, Docket No. 92, render moot Graphic's motion to dismiss, see Docket No. 79.

In view of the foregoing, we hereby:

**ORDER** Defendants MarketNext, Inc., Edison R. Misla-Grillasca, Yvette Olivero-Vázquez, and the conjugal partnership between them, **under pain of civil contempt**, to **TESTIFY BY OATH, by May 15, 2009**, to their compliance with all terms of the permanent injunction, Docket No. 86, including (1) that they have communicated our order and memorandum opinion, Docket Nos. 46, 58, to their advertising customers and subscribers, and (2) that they will include a

Civil No. 09-1122 (JAF)                                                    -4-

disclaimer in all further publications by MarketNext for one full year, Docket No. 70; Otherwise, Codefendant Misla-Aldarondo will be incarcerated until they comply;

**ORDER** the entry of final judgment against Defendants on all federal claims, Docket No. 50, affirming that our permanent injunction, Docket No. 86, continues to operate in full force, and pending further proceedings to assess reasonable attorney's fees against MarketNext;

**DISMISS** all claims under Puerto Rico law, Docket No. 50, **WITHOUT PREJUDICE**; and

**DENY AS MOOT** Graphic's motion to dismiss, Docket No. 79.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 7th day of May, 2009.

                                                   s/José Antonio Fusté
                                                   JOSE ANTONIO FUSTE
                                                   Chief U.S. District Judge